USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>CHRIS RECAMIER,<br><br>Defendant. | 1:21-cr-00746-MKV<br><br>**ORDER GRANTING MOTION FOR A REDUCTION IN SENTENCE** |

MARY KAY VYSKOCIL, United States District Judge:

Chris Recamier, one of the defendants in this case, pleaded guilty to Major Fraud Against the United States in violation of 18 U.S.C. § 1031. [ECF No. 104]. Using the 2021 Guidelines Manual in effect at the time of sentencing, the Court independently calculated Mr. Recamier's Sentencing Guidelines range to be 108 to 120 months, based on an offense level of 31 and a criminal history category of I, with a statutory maximum sentence of 10 years. Sentencing Transcript 30:5-8 [ECF No. 104, ("Tr.")]. After weighing the factors under 18 U.S.C. § 3553, on October 17, 2022, the Court sentenced Mr. Recamier principally to 108 months of incarceration. Tr. 35:14.

Thereafter, the Probation Office issued a Revised Supplemental Presentence Report indicating that Mr. Recamier is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively. [ECF No. 151, ("Revised PSR")] (citing U.S.S.G. § 1B1.10). Subsequently, Mr. Recamier moved the Court to resentence him to 87 months of imprisonment. [ECF No. 160 ("Def. Mem.")]. The Government submitted a letter in response noting that it does not oppose a sentence reduction. [ECF No. 161 ("Gov. Mem.")]. Mr. Recamier submitted a subsequent letter in reply. [ECF No. 162 ("Def. Reply")]. Having examined the parties' submissions carefully, the Court determines that Mr. Recamier's motion is GRANTED.

1

Section 3582(c)(2) of 18 U.S.C. "establishes a two-step inquiry" for a Court to employ in determining whether a defendant's sentence should be reduced. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the Court must determine whether the defendant is eligible for a sentence reduction by noting whether, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range applied at his sentencing, and that the defendant did not already receive a sentence lower than the amended range. *See United States v. Sardarova*, No. 20-cr-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). Once the Court concludes that a defendant is eligible for a potential sentence reduction, the Court must then "consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); *see Dillon*, 560 U.S. at 826. A court may also take the defendant's post-sentencing conduct into account when determining whether reducing the sentence comports with the policy statement in the Sentencing Guidelines. U.S.S.G. § 1B1.10 app. note 1(B)(iii).

Mr. Recamier, the Probation Department, and the Government are all in agreement that Mr. Recamier is eligible for a sentence reduction pursuant to Amendment 821, which provides that a defendant who had zero criminal history points and meets certain additional criteria at the time of sentencing is eligible for a two-point reduction in criminal offense level. *See* Revised PSR 2; Def. Mem. at 1; Gov. Mem. at 1; U.S.S.G. § 4C1.1(a). The Court agrees. Mr. Recamier's original Sentencing Guideline range was 108 to 120 months based on an offense level of 31 and criminal history category of I. Tr. 30:04-08. Under the amended Guidelines, Mr. Recamier's revised Sentencing Guidelines range is 87 to 108 months based on an offense level of 29 and a criminal history category of I. *See* Revised PSR 3. As noted above, at the time of sentencing, the Court imposed a sentence of 108 months of imprisonment, which is not lower than the bottom of the

amended range.  *See Sardarova*, 2024 WL 259775, at *1.  Accordingly, Mr. Recamier is eligible for a sentence reduction.

When imposing its original sentence, the Court determined that Mr. Recamier's sentence should be on the lower end of the sentencing range because it would be "sufficient but not greater than necessary to serve the goals of sentencing" as set forth in Section 3553(a)(2).  Tr. 30:09-12. The Court considered these factors, including the seriousness of the crime, the need to deter similar fraudulent crimes, the mitigating circumstances of his difficult childhood and drug addiction, his acceptance of responsibility, and the need to avoid unwarranted sentencing disparities.  Tr. 30:16–35:11.  The factors that bear on that consideration have not changed between the time of sentencing and today.  Furthermore, Mr. Recamier's behavior while incarcerated suggests that sentence reduction is warranted: he has participated in a number of educational programs, works regular shifts, and has not received any disciplinary sanctions.  *See* Revised PSR at 3-4; U.S.S.G. § 1B1.10 app. note 1(B)(iii) (allowing the Court to consider post-sentencing conduct).  For these reasons, and because the Government does not make any arguments to the contrary, the Court believes that reducing Mr. Recamier's sentence to the lowest end of the revised sentencing range properly balances the 3553(a) factors and the policy goals of sentencing.  *See* U.S.S.G. § 1B1.10.

Accordingly, the Court adopts the revised Sentencing Guidelines as suggested in the Supplemental PSR.  *See* Revised PSR 3. IT IS HEREBY ORDERED that Mr. Recamier's motion for a sentence reduction pursuant to Amendment 821 is GRANTED.  IT IS FURTHER ORDERED that Defendant's sentence of imprisonment shall be reduced from 108 month to a term of 87 months.  All other components of the sentence remain as originally imposed.

**SO ORDERED.**

                                                                                */s/ Mary Kay Vyskocil*

**Date:  November 6, 2025**                                        **MARY KAY VYSKOCIL**
         **New York, NY**                                                 **United States District Judge**

4